UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MELISSA ROLLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:16CV0022 CDP |
| GLAZER'S DISTRIBUTORS OF MISSOURI, INC. d/b/a GLAZER'S MIDWEST, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Melissa Roller filed this suit in Missouri state court against her former employer, Glazer's Midwest, her supervisor, Bertheda Taylor, and an office manager at Glazer's, Diane Tapella. In her petition, Roller alleged three counts: 1.) that Defendants discriminated against her because of her sex and pregnancy and retaliated against her in violation of the Missouri Human Rights Act; 2.) that her termination was a retaliatory discharge for whistleblowing in violation of Missouri Public Policy; and 3.) that she was wrongfully discharged in violation of Missouri Public Policy.

This case is now before me on Plaintiff's motion to remand to state court. Defendants allege in their removal petition that Plaintiff necessarily relies upon an interpretation of a federal statute in support of her retaliatory discharge and

wrongful discharge claims, specifically, the Federal Labor Standards Act, 29 U.S.C. § 207. Defendants allege that federal jurisdiction is proper under 28 §§ U.S.C. 1331 and 1441(a). Because I conclude that Plaintiff's claims do not involve a substantial question of federal law, I will remand the case to state court.

**I.   Background**

Roller has worked for Glazer's since August, 2011, first as a temporary employee, and then starting in November, 2011, as a regular employee. In March 2013, Roller took a maternity leave for the birth of her child. She returned to work in May, 2013. Before returning, Roller informed Glazer's that she would need a place to pump or express breast milk at work. Roller alleges that she was told to pump in a multi-stall bathroom. Roller further alleges that she informed defendants that it was illegal to require her to pump or express breast milk in a bathroom, and she was then offered the option of using a warehouse office. According to her petition, on some days she was only allowed to pump once a day or not at all.

Roller was fired on November 13, 2013. Defendants claim her termination was due to customer complaints, but Roller contends that she was never subjected to any progressive discipline, nor was she given the details of any alleged customer complaints. Roller alleges that she was actually fired because of her decision and

need to pump breast milk at work, and because she orally complained that it was illegal to only provide her with a bathroom in which to pump.

## II. Legal Standard

Under 28 U.S.C. § 1441, a civil case filed in state court may be removed to federal district court if the district court had original jurisdiction over the action. 28 U.S.C. § 1331 gives the district court original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Defendants bear the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.,* 420 F.3d 763, 768 (8th Cir. 2005). Any doubts about the propriety of removal are resolved in favor of remand. *Wilkinson v. Shakleford,* 478 F.3d 957, 963 (8th Cir. 2007).

## III. Discussion

"Federal question jurisdiction exists only when the plaintiff's well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *McNeill v. Franke,* 171 F.3d 561, 563 (8th Cir. 1999). Mere reference to federal statutes is not sufficient to create federal question jurisdiction. *Id.* (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 813 (1986)). A plaintiff's incidental reference to federal law does not convert her state claims into a federal cause of action. *Carter v. Edgewood Children's Center,* 2009 WL

383357 at *2 (E.D.Mo. Feb. 12, 2009). When state law creates the cause of action, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *McNeill*, 171 F.3d at 564.

Here, each cause of action was created by state law. In *Fleshner v. Pepose Vision Institute, Inc.,* the Missouri Supreme Court expressly adopted a public-policy exception to the at-will-employment rule. 304 S.W.3d 81, 92 (Mo. banc 2010). An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities. *Id.* If an employer terminates an employee for either reason, then the employee has a cause of action in tort for wrongful discharge based on the public-policy exception. *Id.*

In order to succeed on a claim for wrongful discharge in violation of public policy under Missouri law, a plaintiff must establish that: (1) she refused to violate a law or a well-established and clear mandate of public policy, or reported such a violation to a superior or public authority; (2) the defendant terminated her employment; (3) her refusal or report was a contributing factor in her termination;

and (4) as a result of her discharge, she sustained damage. *Keveney v. Mo. Military Acad.,* 304 S.W.3d 98, 103 (Mo. banc 2010); *Missouri Approved Jury Instructions* (MAI) § 38.03 (7th ed.2012).

Roller brings claims under both theories of wrongful discharge. In Count II, she alleges retaliatory discharge for whistle-blowing (reporting a violation to a superior), and in Count III she alleges wrongful discharge in violation of Missouri Public Policy (refusal to violate clear mandate of public policy).[1]

In her whistle-blower claim, Roller avers she told the defendants that it was illegal to only provide her with a bathroom to pump or express breast milk. Her belief that the actions were illegal was based on a provision of the Fair Labor Standards Act, codified at 29 U.S.C. § 207. Defendants now argue that removal is appropriate because Roller's claim will require a determination of defendants' culpability under the FLSA as an essential element of her claim.

Missouri case law is unclear as to whether the whistleblower exception to the employment at-will doctrine requires proof of an actual violation of law. In *Dunn v. Enterprise Rent-A-Car Co.*, the court found that requiring an employee to prove a violation of law had already been committed at the time the employee reports the conduct was too narrow of an interpretation of the law to be consistent with the purpose of public policy. 170 S.W.3d 1, 10 (Mo. Ct. App. 2005). In that

---

[1] Defendants do not argue that the first count in the complaint, alleging violations of the Missouri Human Rights Act, present a federal question, and so I will not address it here.

case, the employee could prove that he had a reasonable belief that the defendant company would have violated federal securities laws, and had intended to do so promptly, at the time he reported the suspected illegal activity. *Id.* Ultimately, the company did not complete the alleged unlawful act, but the court reasoned "Because he may have been instrumental in helping to prevent what he reasonably believed to be an unlawful act, [the plaintiff] should be protected by law for his efforts." *Id.* at 9.

In *Margiotta v. Christian Hospital Northeast Northwest,* the plaintiff alleged he was terminated because he continuously reported incidents of safety violations pertaining to patient care to his supervisors. 315 S.W.3d 342, 345 (Mo. banc 2010). In support of his claim, he relied on a federal regulation stating that a patient has the right to receive care in a safe setting. *Id.* at 348. The Missouri Supreme Court held that the regulation was too vague to support the plaintiff's action because it did not specifically proscribe the incidents he had reported. *Id.* The court explained, "What Margiotta asks this Court to do is grant him protected status for making complaints about acts or omission he merely believes to be violations of the law or public policy. The public policy exception to the at-will doctrine is not so broad." *Id.*

In *Bazzi v. Tyco Healthcare Group, LP,* 652 F.3d 943, 948 (8th Cir. 2011), the Eighth Circuit upheld *Dunn's* view that a plaintiff must show a good-faith belief that was objectively reasonable. See also *Graham v. Hubbs Machine & Mfg., Inc.,* 92 F. Supp. 3d 935, 940 (E.D. Mo. 2015).

This court then considered the issue in *Zasaretti-Becton v. Habitat Co. of Missouri, LLC,* No. 4:12 CV 587 DDN, 2012 WL 2396868 (E.D. Mo. June 25, 2012). The plaintiff relied on *Dunn* in asserting that even if the allegedly unlawful conduct did not actually violate the law, nonetheless her reasonable belief that it did so was sufficient to support her wrongful termination claims. The court explained "To the extent *Dunn, Clark,* and any other pre-*Margiotta* holdings recognize the validity of this legal theory, the court concludes that post-*Margiotta*, a reasonable belief of legal wrongdoing is not itself sufficient to succeed on an unlawful termination claim brought under Missouri's public policy exception to the at-will employment doctrine." *Id.* at *8.

Roller argues that, under *Dunn*, she does not need to prove an actual violation of the FLSA, but only that she had a good-faith reasonable belief that the activity was unlawful. Thus, she argues, no interpretation of the federal law is necessary and no federal question has been presented. Glazer's, on the other hand, asserts that "the relevant inquiry is whether the authority clearly prohibits the conduct at issue in the action," *Graham,* 92 F. Supp. 3d at 940 (quoting *Margiotta,*

- 7 -

315 S.W.3d at 347). Glazer's argues that under this standard, Roller must prove a violation of public policy as an essential element of her claim. Because the FLSA is the only law Roller identified in Count II, Glazer's contends that the claim necessarily requires interpretation of a federal statute and thereby confers subject-matter jurisdiction to this Court.

Whether or not Missouri law requires anything more than an objectively reasonable, good-faith belief that the alleged conduct was unlawful remains an open question. However, even if an actual violation of law *is* required, I find that the defendant has failed to show that a substantial federal question exists.

"Federal issue" is not a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 315 (2005). "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* Only a "special and small category" of cases will fall within this category. *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 700 (2006).

The *Empire* court identified several factors in *Grable* that led to the determination that federal jurisdiction was appropriate. The dispute in *Grable* centered on the action of a federal agency and its compatibility with a federal

statute, the question qualified as "substantial," and its resolution was both dispositive of the case and would be controlling in numerous other cases. *Id.* Additionally, *Grable* presented a nearly "pure issue of law," one that could be settled once and for all and thereafter would govern numerous similar cases. *Id.* In contrast, the claim in *Empire* was fact-bound and situation-specific. *Id.* at 700 – 01.

In contrast to *Grable,* all of plaintiff's claims involve the action of private defendants, not a federal agency, and require a fact-specific inquiry into defendants' conduct. The resolution of the federal question in this case would not be dispositive of the case or controlling in any other cases. This case does not present a "nearly pure issue of law" that would govern numerous other cases once resolved. Moreover, the language of the statute at issue is not unclear or subject to different interpretations. Nor have the parties disputed how the statute should be interpreted or whether it applies to defendants. I conclude that the defendants have not presented a federal question that is "actually disputed" and "substantial."

Additionally, in considering the balance of federal and state judicial responsibilities, I note that the State of Missouri has a significant interest in addressing the primary questions presented in this case, including whether Roller appropriately "blew the whistle" by informing her superior of the alleged unlawful

conduct, and whether an objectively reasonable good-faith belief that defendants engaged in unlawful conduct is sufficient to support her claims.

Defendants do not discuss Count III, the wrongful discharge claim, in their brief except for one small footnote explaining that the argument supporting removal is the same under both counts. However, in Count III the plaintiff also points to two Missouri statutes as evidence of the "clear public policy". This presents even less of a substantial federal question than under Count II.

For all of these reasons, I find that this case does not fall within that "special and small" category of cases wherein a state law cause of action is subject to federal question jurisdiction.

## II. Request for Attorney Fees

Roller has moved, pursuant to 28 U.S.C. § 1447(c), to recover the attorney fees it incurred because of the defendants' improvident removal. Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is discretionary, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005), and granted "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Although the defendants' argument that a question of federal law was involved was not ultimately

persuasive, they did not lack an objectively reasonable basis for making the argument. Therefore, I will deny Roller's motion for attorney fees.

## III. Conclusion

As the removing parties, defendants Glazer's, Tapella, and Taylor bear the burden of showing by a preponderance of the evidence that subject-matter jurisdiction exists, and all doubts must be resolved in favor of remand. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Because none of the claims in plaintiff's well-pleaded complaint require resolution of a substantial federal question, the defendants have not met their burden, and this case must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to remand [#17] is **GRANTED**. Plaintiff's request for an award of attorney fees and costs is denied.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Charles County, State of Missouri, from which it was removed.

                                          */s/ Catherine D. Perry*
                                      CATHERINE D. PERRY
                                      UNITED STATES DISTRICT JUDGE

Dated this 6th day of May, 2016